**Louis GASTE, Les Editions Louis Gaste, Plaintiffs,**

v.

**Morris KAISERMAN a/k/a Morris Albert, et al., Defendants.**

**No. 86 Civ. 5671 (WCC).**

United States District Court,
S.D. New York.

March 31, 1988.

---

**10.** Memorandum of Law in Support of the Supplemental Motions, p. 51.

**64**

Pryor, Cashman, Sherman & Flynn, New York City, for plaintiffs (Donald S. Zakarin, Charles L. Rosenzweig, of counsel).

William R. Sheffield, Madison, Conn., Abeles Clark & Osterberg, New York City, for defendant Morris Kaiserman a/k/a Morris Albert (Robert C. Osterberg, of counsel).

Cowan, Liebowitz & Latman, P.C., New York City, for defendant RCA Records (Shira Perlmutter, of counsel).

Richard I. Wolff, P.C., New York City, for defendant Fermata Intern. Melodies, Inc.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

In a jury verdict returned in this action on July 21 and 22, 1987 in favor of the plaintiffs, the jury found that the song "Feelings" infringed plaintiffs' copyright in the musical composition "Pour Toi" and awarded plaintiffs damages in excess of $500,000. A judgment was entered by this Court reflecting the verdict on July 27, 1987. Defendants Morris Kaiserman a/k/a Morris Albert ("Albert") and Fermata International Melodies, Inc. ("Fermata") have moved to alter or amend the judgment by (1) eliminating from the award all income earned by foreign performances on radio and television of recorded versions of "Feelings", and (2) reducing the jury's award because defendant is entitled to the portion of the song's profits which are attributable to the lyrics of "Feelings."

In moving to reduce from the judgment all income earned by foreign performances, defendants rely on the Second Circuit Court of Appeals' decision in *Robert Stigwood Group Limited v. O'Reilly*, 530 F.2d 1096 (2d Cir.) *cert. den.*, 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976). In that case, in addition to recovering profits from live performances of the infringing play in the United States, plaintiff sought recovery of profits from live performances of the play in Canada. The court excluded the award of damages stemming from the Canadian performances because the performances were live and could not be "reproduced." *Id.* at 1101. The Court held that it is only when the type of infringement permits further reproduction abroad that its exploitation abroad becomes the subject of a constructive trust. *Id.*

Plaintiffs, in turn, maintain that the jury verdict properly included the foreign performances. To support their position, they rely on *Sheldon v. Metro–Goldwyn Pictures Corp.*, 106 F.2d 45 (2d Cir.1939) *aff'd* 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940), in which the Court of Appeals upheld a decision awarding plaintiff profits which defendant earned from exhibition of the infringing motion picture outside the United States. In his opinion for the Court, Judge Learned Hand noted:

> Section 1(d), 17 U.S.C.A. § 1(d), gives to the author the exclusive right, not only to perform a dramatic work, but "to make ... any transcription or record thereof ... from which, in whole or in part, it may in any manner ... be ... reproduced." The Culver Company made the negatives in this country, or had them made here, and shipped them abroad, where the positives were produced and exhibited. The negatives were "records" from which the work could be "reproduced", and it was a tort to make them in this country. The plaintiffs acquired an equitable interest in them as soon as they were made, which attached to any profits from their exploitation, whether in the form of money remitted to the United States, or of increase in the value of shares of foreign companies held by the defendants. We need not

decide whether the law of those countries where the negatives were exploited, recognized the plaintiffs' equitable interest; we can assume arguendo that it did not, for, as soon as any of the profits so realized took the form of property whose situs was in the United States, our law seized upon them with a constructive trust. *Id.* at 52.

While it is certainly true that royalties from foreign performances are recoverable when the infringement in this country permits further exploitation abroad, plaintiffs presented no evidence at trial indicating that the foreign performances resulted from the reproduction of recordings originally made in the United States or any other recorded versions. It is clearly plaintiff's burden to show that the foreign performances resulted in a violation of the United States copyright. Because plaintiff failed to adduce any evidence to support that contention, the jury award must be reduced by whatever amount was awarded for foreign performances.

■ The second motion before the Court asks that the jury award be reduced because defendant is entitled to the portion of the song's profits which are attributable to the lyrics of "Feelings." It is well-settled that an infringer is entitled to an apportionment only when "the evidence is sufficient to provide a fair basis of division so as to give the copyright proprietor all the profits that can be deemed to have resulted from the use of what belonged to him." *Sheldon v. Metro–Goldwyn Pictures Corporation*, 309 U.S. at 402, 60 S.Ct. at 685. The Court went on to state that when the copyrighted portions are so intermingled with the rest of the infringed work, so that they cannot well be distinguished from it, the entire profits realized by the defendant will be given to the plaintiff. *Id.* "Where there is a commingling of gains, he must abide the consequences, unless he can make a separation of the profits so as to assure to the injured party all that justly belongs to him." *Id.* at 406, 60 S.Ct. at 687.

At the trial on damages, Albert called an expert to testify as to the value of the lyrics of "Feelings." Albert's own expert was unable to recite the lyrics to "Feelings" except for the very first word—Feelings. Further, the lyrics to "Feelings" and the French version, "Dis Lui" are entirely different when translated. Yet both achieved great popularity in their respective countries. The only common element of the two songs was the music, which the jury found to be an infringement of "Pour Toi." Fermata's attempt to equate this case with *Abkco Music, Inc. v. Harrisongs Music. Ltd.*, 508 F.Supp. 798 (S.D.N.Y. 1981) *aff'd*, 722 F.2d 988 (2d Cir.1983) is unpersuasive. In *Abkco*, where George Harrison was found to have unconsciously copied the music from "He's So Fine" when composing "My Sweet Lord", the Court considered many factors in determining what portion of the income was attributable to factors other than the plagiarized music. The Court concluded that three-fourths of "My Sweet Lord" 's success was due to the plagiarized music and one-fourth to other factors such as the words and the popularity and the stature of George Harrison in the field of music. *Id.* at 801–02. It is not possible to compare Morris Albert, a relatively unknown artist whose name was not recognized by even a single juror during voir dire, with ex-Beatle George Harrison whose popularity is well-established.

Having been expressly charged on the legal principles outlined above, the jury reasonably found that Fermata was not entitled to an apportionment of the profits of "Feelings."

■ Finally, Fermata maintains that it is entitled to a further reduction of the jury's damage award based on alleged expenses incurred by Fermata relating to "Feelings." At the trial, Fermata deliberately chose not to produce a single document from its books and records to substantiate any alleged expenses. It submitted only the face sheet of its tax return for each year involved. Having produced nothing more, the Court has no basis for ruling that the jury acted unreasonably when it found that Fermata failed to prove, by a preponderance of the evidence, that all of the costs which it sought to deduct as

expenses were actually attributable to "Feelings." Indeed, the jury's decision was totally justified given the circumstances.

For the reasons outlined above, defendants' motion to reduce the jury's damage award by that portion of the profits attributable to foreign performances is granted. If the parties are unable to agree on the amount of the reduction, and so notify the Court, a conference will be set to determine the appropriate procedure for resolving the matter. Defendants' other motions are denied.

So ordered.